**UNITED STATES of America, Appellant,**

v.

**Lovell LEE, Defendant,**

**George Morillo, Angel Lozano, Angel Reyes, Defendants–Appellees.**

**No. 00–1676.**

United States Court of Appeals, Second Circuit.

July 27, 2001.

David B. Anders, Assistant United States Attorney, New York, NY; Mary Jo White, United States Attorney for the Southern District of New York; Gary Stein, Assistant United States Attorney, on the brief, for appellant.

Robert L. Herbst, Herbst & Greenwald, LLP, New York, NY, for defendant George Morillo.

Jeremy F. Orden, New York, NY; Bernard V. Kleinman, on the brief, for defendant Angel Reyes.

Christopher Booth, Goldstein, Weinstein & Fuld, Bronx, NY; David J. Goldstein and Elliot H. Fuld on the brief, for defendant Angel Lozano.

Present JACOBS, PARKER and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from an order of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the order granting, in part, defendants' motions to suppress is RE-VERSED and the case REMANDED.

The district court held that although knowledge of facts supporting probable cause for arrest can be presumed to be shared among law enforcement officers cooperating in an investigation and in communication, "the presumption [of communication between the officers] may be rebutted," thereby invaliding a showing of probable cause premised upon it. Op. at 11. Even assuming, for the purposes of this appeal, that a presumption of "collective knowledge" can be rebutted, we hold that the district court clearly erred in finding that defendants successfully rebutted any such presumption in this case.

Principally at issue is testimony by DEA Agent Robert Barnett concerning the smell of marijuana that he detected shortly after defendant Lovell Lee had rolled down the window to a van Lee was driving.[1] In answer to the question "Did you say anything to anybody to indicate that you smelled marijuana?", Agent Barnett responded "No, sir." Although the district court found, based on this testimony, that Agent Barnett had never communicated information about the smell of marijuana to anyone at any time, the question itself provided no time frame. The context indicates that Agent Barnett was only discussing what he said or did during the stop of the van and not what he may have communicated to others after the stop. In the preceding question to Agent Barnett, the line of inquiry was limited to the events surrounding the stop by asking "At what point did you *first* smell marijuana?" (emphasis added), to which Agent Barnett responded "Shortly thereafter [Lee] rolled down the window." This demonstrates that Agent Barnett's answer to the question as to what he told others about the smell of marijuana did not extend to what Barnett may have later communicated to other officers.

In addition, there is no evidence that the agents did not communicate other relevant information they possessed. Agent Barnett testified that he had noticed "some green plant material" on Lee's shirt that Barnett believed to be marijuana. The district court stated it was "not really likely" but admitted that it "might be presumed" that Agent Barnett passed this information along. Op. at 16. Also, Agent Cline testified that he saw "some type of compressed gas tanks" in the backseat of the van. Although Agent Cline testified that he did not know the significance of these tanks, particularly for the hydroponic production of marijuana, when he first opened the van door, there is nothing in the record to show that he did not later

---

1. The district court found that the testimony at the suppression hearing of Agent Barnett and Agent Michael Cline "was credible in its entirety." Op. at 6 n.2.

communicate his observation to other officers.

The district court found that "there was certainly some communication between the DEA agents who participated in the surveillance, the stop and the arrests." Op. at 12. Because we hold that the district court clearly erred in finding defendants had rebutted the presumption of communication (assuming such a presumption exists and is, in fact, rebuttable), the order of the district court, inasmuch as it granted defendants-appellees' motions to suppress, is hereby REVERSED and the case REMANDED.